*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　Plaintiff-Appellant,

v

JUSTIN LOUIS WILLIAMSON,

　　　　　Defendant-Appellee.

UNPUBLISHED
November 12, 2019

No. 346146
Oakland Circuit Court
LC No. 2018-266735-FH

Before: RONAYNE KRAUSE, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

A police officer pulled over a vehicle for travelling four miles an hour over the speed limit. The driver was operating the vehicle on a suspended license and the officer could smell marijuana inside the vehicle. A subsequent search revealed marijuana and trafficking paraphernalia, leading to criminal charges instead of a traffic ticket. The circuit court ultimately suppressed the evidence and quashed the information, however, finding that the traffic stop was unreasonable. The prosecution appeals that ruling. Although driving four miles an hour over the speed limit is a minor offense, the officer validly stopped the vehicle for that infraction. Accordingly, the circuit court erred in suppressing the evidence discovered as a result of the stop and dismissing the charges. We reverse and remand for further proceedings.

## I. BACKGROUND

This case arises out of a traffic stop that occurred at approximately 12:03 a.m. on March 20, 2018. Oak Park Police Officer David Gifford was on patrol in a marked vehicle when he observed defendant's vehicle in a subdivision of Oak Park. Officer Gifford did not observe defendant commit a traffic violation. But it was a quiet night with no other traffic and the officer determined to follow defendant in the event he committed a traffic violation in the near future. Officer Gifford "paced" defendant's vehicle for ½ to ¾ of a mile and measured its speed by looking at his own speedometer. Near 8 Mile and Southfield Roads in Southfield, defendant travelled at 44 miles an hour in a 40 mph zone and Officer Gifford effectuated a traffic stop.

Officer Gifford approached the pulled-over vehicle and observed that defendant was the only occupant. Defendant immediately stated, "I don't have a driver's license. You can take the car." The officer remarked that the vehicle's interior smelled of marijuana and air freshener and defendant admitted to possessing marijuana. Defendant reached into the back seat and handed Officer Gifford a small plastic bag of the substance. The officer asked defendant to exit the vehicle and conducted a pat-down search. Within defendant's pockets, the officer found a digital scale with marijuana residue, an iPhone, and $935 in cash. Upon request, defendant also removed a plastic bag containing 31 grams of marijuana from his pants. The officer placed defendant under arrest and searched the vehicle. Inside, Officer Gifford found a box of plastic sandwich bags in the center console.

The prosecutor charged defendant with possession with intent to deliver less than five kilograms of marijuana, MCL 333.7401(2)(d)(*iii*), and driving with a suspended license, second offense, MCL 257.904(3)(a). Following defendant's preliminary examination in the district court, defendant moved to dismiss the charges against him, contending that Officer Gifford lacked cause to effectuate a traffic stop. The district court disagreed and bound defendant over to the circuit court. In the circuit court, defendant moved to suppress the evidence obtained during the traffic stop and to quash the information, arguing that Officer Gifford lacked articulable and reasonable suspicion that defendant had committed a traffic violation, and that the stop was pretextual. Following an evidentiary hearing at which Officer Gifford and defendant both testified, the circuit court granted defendant's motion to suppress and dismissed the charges against him. In doing so, the court ruled:

> [I]n order to justify an investigative stop, the police must have particularized suspicion based on objective observation that the person stopped has been, is, or is about to be engaged in criminal wrongdoing.
>
> [T]his was an extremely short hearing. Uh, I think the officer was very forthcoming. He admitted that he saw him, he decided to follow him and see if he could find him in violation of, of the law. And he paced him - - and I understand that the testimony is he was going 44 in a 40 zone. It, it's beyond actually proving, uh, that he may have violated the law in that respect - - it's also the reasonableness.
>
> I don't think there's any reasonableness in pulling him over based upon this. I think he was shadowing. He admitted that he was following him to see if he could pull him over because of the time of night.

II. ANALYSIS

In reviewing a circuit court's decision to suppress evidence and dismiss the charges against a defendant, we review for clear error the court's underlying factual findings, giving deference to that court's resolution. *People v Frohriep*, 247 Mich App 692, 702; 637 NW2d 562 (2001). Here, the circuit court found Officer Gifford's testimony credible and we defer to that credibility assessment. However, the circuit court found Officer Gifford's decision to pull over defendant's vehicle unreasonable based on the information known to the officer. We review de

novo the lower court's application of constitutional law to the facts at hand. *People v Slaughter*, 489 Mich 302, 310; 803 NW2d 171 (2011).

The Fourth Amendment of the United States Constitution and the analogous provision in the Michigan Constitution guarantee the right of persons to be secure against unreasonable searches and seizures. *People v Kazmierczak*, 461 Mich 411, 417; 605 NW2d 667 (2000), citing US Const, Am IV; Const 1963, art 1, § 11. The lawfulness of a search or seizure depends upon its reasonableness. *Virginia v Moore*, 553 US 164, 171; 128 S Ct 1598; 170 L Ed 2d 559 (2008); *People v Beuschlein*, 245 Mich App 744, 749; 630 NW2d 921 (2001). The reasonableness of a search or seizure is a fact-specific inquiry that is determined by examining the totality of the circumstances. *People v Williams*, 472 Mich 308, 314; 696 NW2d 636 (2005).

Although an officer generally needs a warrant to seize and search, there are several exceptions to the warrant requirement. One such exception is for an investigative or *Terry*[1] stop. *People v Barbarich*, 291 Mich App 468, 473; 807 NW2d 56 (2011). "A routine traffic stop . . . is a relatively brief encounter" that is akin to a *Terry* stop. *Knowles v Iowa*, 525 US 113, 117; 119 S Ct 484; 142 L Ed 2d 492 (1998). "A traffic stop is justified if the officer has an articulable and reasonable suspicion that a vehicle or one of its occupants is subject to seizure for a violation of law," including "a violation of a traffic law." *People v Simmons*, 316 Mich App 322, 326; 894 NW2d 86 (2016) (quotation marks and citations omitted). The test is objective, *People v Champion*, 452 Mich 92, 98; 549 NW2d 849 (1996), and the stop is justified "even if the officer's subjective intent for stopping the car is based on other factors." *People v Kavanaugh*, 320 Mich App 293, 299; 907 NW2d 845 (2017). "Reasonable suspicion entails something more than an inchoate or unparticularized suspicion or 'hunch,' but less than the level of suspicion required for probable cause." *Champion*, 452 Mich at 98. "Justification must be based on an objective manifestation that the person stopped was or was about to be engaged in criminal activity as judged by those versed in the field of law enforcement when viewed under the totality of the circumstances. The detaining officer must have had a particularized and objective basis for the suspicion of criminal activity." *Id*. at 98-99.

The circuit court reviewed the facts underlying this stop and determined that Officer Gifford credibly observed defendant travelling at four miles over the speed limit. Speeding is a traffic, or civil, violation. MCL 257.627(16). "A police officer who witnesses a civil infraction may stop and temporarily detain the offender for the purpose of issuing a written citation." *People v Chapo*, 283 Mich App 360, 366; 770 NW2d 68 (2009), citing MCL 257.742(1). Accordingly, it was objectively reasonable for Officer Gifford to effectuate a traffic stop. Officer Gifford's subjective intent to follow (or "shadow") defendant until he committed a traffic violation is irrelevant to the analysis. See *Kavanaugh*, 320 Mich App at 299.

Defendant cites *People v Haney*, 192 Mich App 207; 480 NW2d 322 (1991), for the proposition that "a stop is a mere pretext where the police use a legal justification, such as a minor violation, to support the stop in order to search a person or place for evidence of an unrelated serious crime for which they do not have reasonable suspicion necessary to support a

---

[1] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968)

stop." However, *Haney* actually works in the prosecution's favor. The officer in *Haney*, 192 Mich App at 208-209, was conducting surveillance outside a drug house while awaiting a search warrant for the residence. He was under orders to detain anyone who left the scene. *Id*. at 209. When the defendant left the home and drove away, the officer followed. The defendant failed to signal when turning left and the officer effectuated a traffic stop. The defendant did not have a valid driver's license and the vehicle's registration was expired. The officer placed the defendant under arrest and during a subsequent vehicle search found cocaine under the driver's seat. *Id*.

> *Haney*, 192 Mich App at 209, stated:
>
> An arrest or stop may not be used as a "pretext" or "subterfuge" to search for evidence of crime. When police lack the reasonable suspicion necessary to support a stop and use a minor violation to stop and search a person or place for evidence of an unrelated serious crime, the stop is a mere pretext. [Citations omitted.]

But, this Court determined that the search and seizure in *Haney* were valid and the evidence uncovered was admissible. "[A]s long as the police are doing no more than they are legally permitted and objectively authorized to do, a stop or arrest is constitutional." *Id*. at 210. The officer in *Haney* had "probable cause to believe defendant had committed an offense, because they saw him make a left turn without signaling." *Id*. As "there [was] no dispute that the officer was authorized by law to make the stop and then the custodial arrest for the relevant offenses," this Court determined "that the stop and the arrest were not mere pretexts and [were] constitutional." *Id*. at 210-211.

As in *Haney*, Officer Gifford may have had an ulterior motive for following defendant. But if Officer Gifford effectuated a traffic stop for a valid violation of the Motor Vehicle Code, the officer's motive is irrelevant. Accordingly, *Haney* does not support suppression of the evidence in this case.

Defendant also complains that "[a] reasonable officer would not have followed a vehicle outside of its jurisdiction and effectuate a traffic stop under these circumstances." Defendant has cited no law in support of this argument, thereby abandoning it. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher

-4-