## PEOPLE v KILLIAN

Docket No. 58725. Submitted May 7, 1982, at Lansing.—Decided June 10, 1982. Leave to appeal applied for.

Jerry Killian was convicted, on his plea of guilty, of delivery of cocaine in Saginaw Circuit Court, Robert S. Gilbert, J. The defendant appeals alleging the defense of entrapment. *Held:*

The police agents impermissibly manufactured or instigated a crime because the police knew that the defendant was not a cocaine dealer, yet they induced him to make substantial sales of cocaine. The exploitation of a friendship and the offer of monetary gain may have been sufficient to induce most cocaine users to sell cocaine. A person such as the defendant who is used as a pawn in an undercover scheme should not be prosecuted for the crimes manufactured by police agents to advance the scheme.

Reversed.

1. CRIMINAL LAW — ENTRAPMENT.

The existence of the defense of entrapment rests on the premise that the government should not be permitted to instigate the commission of a crime in order to prosecute someone for committing it; the basis of the entrapment defense demands adherence to an objective approach that focuses on the conduct of the governmental agents rather than on whether a defendant was predisposed to commit a crime.

2. CRIMINAL LAW — ENTRAPMENT — FINDINGS OF FACT.

The findings of a trial court regarding a defendant's alleged defense of entrapment should not be reversed on appeal unless such findings are clearly erroneous.

3. CONTROLLED SUBSTANCES — POLICE INVESTIGATION.

Police do not need probable cause prior to beginning an investiga-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 203, 206.
[2] 21 Am Jur 2d, Criminal Law § 202.
[3] 21 Am Jur 2d, Criminal Law §§ 412, 413.
[4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 43.
[5] 21 Am Jur 2d, Criminal Law § 203.

tion of drug trafficking by using an undercover agent or informer to buy drugs.

4. CONTROLLED SUBSTANCES — ENTRAPMENT.

Police agents impermissibly manufactured or instigated a crime for purposes of a defense of entrapment where the police knew that the defendant was not a cocaine dealer yet induced him to make substantial cocaine sales by the exploitation of a friendship and the offer of monetary gain.

5. CRIMINAL LAW — ENTRAPMENT.

A person who is used as a pawn in an undercover scheme should not be prosecuted for the crimes manufactured by police agents to advance the scheme.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Kyle H. Tarrant,* Assistant Prosecuting Attorney, for the people.

*Terence R. Flanagan,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and R. J. SNOW,* JJ.

PER CURIAM. Defendant pled guilty to a charge of delivery of cocaine. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv) and MCL 333.7214(a)(iv); MSA 14.15(7214)(a)(iv). He was sentenced to a prison term of 4 to 20 years and appeals by right claiming entrapment, a claim not waived by his guilty plea. *People v White,* 411 Mich 366, 387; 308 NW2d 128 (1981).

The existence of the entrapment defense rests on the premise that the government should not be permitted to instigate the commission of a crime in order to prosecute someone for committing it. *Sherman v United States,* 356 US 369, 372; 78 S Ct 819; 2 L Ed 2d 848 (1958). Michigan has adopted

* Circuit judge, sitting on the Court of Appeals by assignment.

the objective test for determining when entrapment has occurred. *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973). Under the objective test, the question is whether agents of government have acted in a manner likely to instigate or create a criminal offense. *United States v Russell,* 411 US 423, 441; 93 S Ct 1637; 36 L Ed 2d 366 (1973) (Stewart, J., *dissenting).* Our Supreme Court has rejected the use of the subjective test, which precludes the use of the entrapment defense by one predisposed to commit the crime. *Turner, supra,* 21-22. The findings of the trial judge will not be reversed unless clearly erroneous. *People v D'Angelo,* 401 Mich 167, 183; 257 NW2d 655 (1977).

The trial judge held:

"The evidence indicates * * * that the defendant was not objectionable about the use of drugs, but that he talked with Mr. Phelps about it in police school, and indicated to Mr. Phelps that he was involved to such an extent that Mr. Phelps felt justified in contacting him with respect to this matter, as he was requested to do by the state narcotics unit. When he did so, the defendant did manifest a willingness to go along with an actual sale of the cocaine, as well as marijuana.

"It is clear that the police witness here did try and obtain the sale of cocaine rather than marijuana, but defendant indicated, by his own conduct, that he was not motivated entirely by friendship, but rather by self-interest in profit. When he said that he did not profit by the deal, the testimony of the police officer is that the narcotics furnished in the first transaction was of inferior quality, and apparently not worth the money that was paid for it. Whether or not the defendant profited by it, the entire transaction on the part of both parties appeared to be motivated by profit, and the transaction was participated in freely by both parties.

"The court cannot find that the defendant here was entrapped into selling this against his own usual practices, but that in fact he was instead developing a

further course of business which could lead to greater profit to him * * *."

We commend the trial judge for his careful analysis of the facts and do not find clearly erroneous his findings or the inferences drawn therefrom. In his application of the objective test, however, inadequate weight was given to the conduct of the police agents in inducing the commission of the offense with which defendant was charged.

The most troubling aspect of the activities of the police in this case is the escalation of defendant's criminal culpability. The police knew that defendant used both marijuana and cocaine and that he had offered to sell marijuana to an acquaintance who was a police officer. Although there was testimony that defendant had given a very small amount of cocaine to a friend, the police had good reason to believe that defendant was not involved in cocaine sales. Police were not gathering evidence of crimes which they had any reason to suspect defendant had committed or would commit in the future. We do not imply here that police must have probable cause to use an undercover agent or informer to make a drug buy. See *People v Wright (On Remand)*, 99 Mich App 801, 817; 298 NW2d 857 (1980). We emphasize that police not only did not suspect defendant of involvement in cocaine sales; they had every reason to suspect that he was not involved. See *People v Turner, supra*, 23. See also *Reynolds v State*, 155 Ind App 226; 292 NE2d 290 (1973). In part, the police activity here is entrapment because the sale of large quantities of cocaine is an offense of a different order than the use of cocaine or the sale of marijuana. See *People v Turner*, 390 Mich 7, 23-25; 210 NW2d 336 (1973) (WILLIAMS, J., *concurring*).

We do not view this case as one in which a close personal friendship was exploited or one in which the pattern of inducement itself was outrageous. See *People v Artuso,* 100 Mich App 396, 403; 298 NW2d 746 (1980), *cert den* 454 US 877; 357 S Ct 102; 70 L Ed 2d 187 (1981). Nonetheless, the exploitation of a friendship and the offer of monetary gain may have been sufficient to induce most persons in defendant's position (*i.e.,* cocaine users) to sell cocaine. See *People v Gratzer,* 104 Mich App 705; 305 NW2d 300 (1981), and *People v Duis,* 81 Mich App 698; 265 NW2d 794 (1978). Because police knew that defendant was not a cocaine dealer, yet induced him to make substantial cocaine sales, we must conclude that police agents impermissibly manufactured or instigated a crime. See *People v White,* 411 Mich 366, 390; 308 NW2d 128 (1981).

It is clear from our review of the record that the motivation of the police in inducing defendant to sell cocaine was not reprehensible. They expected to discover the source of defendant's drugs and hoped to uncover evidence of drug use by prominent persons related to "cover-ups" in drug investigations. In order to conduct their investigation, it was useful to instigate the commission of the crime with which defendant was charged. Courts do not sit to review generally the investigative practices of police; we do not question the propriety of the tactic of manufacturing a drug sale where a legitimate investigative purpose is served. When the manufactured crime itself is used as the basis for a conviction, however, it taints the judiciary which allows its use. *People v D'Angelo,* 401 Mich 167, 174; 257 NW2d 655 (1977). A person such as defendant who is used as a pawn in an undercover scheme may not be prosecuted for the crimes manufactured by police agents to advance the scheme.

Reversed. Defendant discharged.