PEOPLE v LaBATE

Docket Nos. 61270, 61271. Submitted July 20, 1982, at Detroit.— Decided January 20, 1983.

Nicholas LaBate was convicted by a jury in Wayne Circuit Court of one count of delivery of cocaine and one count of felony-firearm. LaBate thereafter pleaded guilty to three additional counts of delivery of cocaine and was sentenced, Patrick J. Duggan, J. Defendant asserted a defense of entrapment at the outset of the trial. An evidentiary hearing was held, at which defendant admitted delivery of a substance but denied that the substance was cocaine. The trial court ruled that defendant could not claim entrapment if he denied having committed the crime. Defendant appeals his convictions for delivery of cocaine, contending that the trial court erred in not allowing the defense of entrapment. *Held:*

1. Defendants do not have to admit criminal liability in order to claim entrapment.

2. The factual statement of the trial court is not adequate for the Court of Appeals to make a determination as to whether the trial court clearly erred in its findings of fact or as to whether the trial court made proper application of the law at the evidentiary hearing.

3. The decision of the trial court is reversed and the case is remanded for an evidentiary hearing on the question of entrapment. No ruling is made on the felony-firearm conviction since that issue was not appealed, briefed, or argued.

Reversed and remanded.

1. Criminal Law — Entrapment — Admissions — Defenses.

Criminal defendants do not have to admit criminal liability in order to assert a defense of entrapment.

2. Criminal Law — Bench Trial — Findings of Fact — Conclusions of Law — Actions — Court Rules.

In all actions tried upon the facts without a jury, the court must

References for Points in Headnotes
[1, 3] 21 Am Jur 2d, Criminal Law § 203 *et seq.*
[2] 76 Am Jur 2d, Trial § 1250.

find the facts specially and state separately its conclusions of law thereon; for purposes of this rule, the term "actions" includes all contested matters where evidence is presented to the trial judge for his decision, including evidentiary hearings (GCR 1963, 517.1).

3. CRIMINAL LAW — ENTRAPMENT — BURDEN OF PROOF — DEFENSES.
   A criminal defendant asserting a defense of entrapment has the burden of proving his claim of entrapment by a preponderance of the evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Nancy R. Alberts,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek),* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and C. J. HOEHN,* JJ.

PER CURIAM. Defendant appeals as of right from his conviction on four charges of delivery of cocaine in an amount less than 50 grams, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). On September 17, 1980, defendant was convicted by a jury on one charge of delivery of cocaine. Thereafter, defendant pleaded guilty to the three other charges. Defendant was also convicted of felony-firearm and sentenced to four concurrent terms of two to ten years for the delivery of cocaine.

Defendant appeals, claiming "entrapment".

At the outset of his trial on September 15, 1980, defendant asserted an entrapment defense to all of the charges. An evidentiary hearing was held, before the jury was called, in compliance with *People v Turner,* 390 Mich 7; 210 NW2d 336

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1973); *People v D'Angelo,* 401 Mich 167; 257 NW2d 655 (1977).

At the evidentiary hearing, the defendant admitted delivery of a substance on each of the occasions charged, but denied that the substance he delivered was cocaine.

The trial court ruled that the defendant could not claim entrapment in the face of his denial that the crime had been committed. The Court in *People v D'Angelo, supra,* ruled that defendants do not have to admit criminal liability in order to claim entrapment.

The finding of the trial court in the present case is set out in full:

"*The Court:* First of all, the court does not feel that, the court does not feel that the court could have ruled that there is a defense of entrapment for the reason that the defendant has denied delivery of any controlled substance which, taking the testimony, according to defendant, there was no crime for him to be entrapped in because he did not commit any crime, therefore, I do not think the defense of entrapment is even applicable in this case.

Secondly, assuming, however, that the defendant acknowledged that the packets contained cocaine, this court does not believe that the conduct of the police officers, using the objective test, constitutes conduct so reprehensible that the defense of entrapment should be available to the defendant. The defendant met the individual he referred to named Mary. She asked him if he smoked marijuana. He said he did. She asked him if he had done any cocaine. He answered no but he would try it because he heard it wouldn't hurt you. They went to her car. She asked him—she said she would like some cocaine and asked if he could get it for her.

The fact that the defendant concluded that she was attractive, appealing to him and that motivated him to procure the cocaine is not the kind of conduct that this court believes was intended to amount to conduct so

reprehensible. There is no suggestion that she proposition [sic] him, simply that she dressed in a way that was attractive to him.

The court does not conclude any testimony given by the defendant would indicate that the police officer in this case engaged in conduct so reprehensible that this court should interfere and conclude that there was entrapment and for those reasons, the court does deny the defense request that the defense of entrapment applies."

GCR 1963, 517.1 requires that, in all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon. *People v Jackson,* 390 Mich 621; 212 NW2d 918 (1973), extended GCR 1963, 517.1 to criminal cases. This Court is aware of the ruling in *People v Oliver,* 63 Mich App 509, 522; 234 NW2d 679 (1975), however, we do not agree. The term "action" is defined in Bouvier's Law Dictionary (Students ed, 1928), p 41, as:

"The formal demand of one's right from another person or party, made and insisted on in a court of justice. In a quite common sense, action includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person or party of another in such court, including an adjudication upon the right and its enforcement or denial by the court."

Clearly, the term "actions" as used in GCR 1963, 517.1 contemplates a finding of fact and a statement of law in all contested matters where evidence in presented to the trial judge for his decision. The task of the appellate court is to determine whether the trial court was "clearly erroneous" in its finding of fact and whether the trial court made proper application of the law. *People v Jackson, supra.* The task of the appellate court is

rendered virtually impossible when the trial court fails to follow the dictates of GCR 1963, 517.1. The Court, in the instant case, finds the factual statement of the trial judge to be inadequate.

In a *"Turner"* type hearing, the defendant has the burden of proving his claim by a preponderance of the evidence. *People v Turner, supra.* The circuit judge, sitting as trier of the fact, had a right to disbelieve all of the testimony of the sole witness, and if he did so, obviously, the defendant failed to carry his required burden of proof. Such a finding does not appear on the record of this case. To the contrary, the trial court's opinion seems to accept as true the facts as claimed by defendant.

There is no evidence on the record that defendant was accustomed to dealing in drugs. Defendant claims, and it is uncontradicted by the prosecution, that defendant was induced by the police to commit a crime that he would not have committed if the police had not been present. Indeed, defendant claims that he advised the police undercover agent that he had never used cocaine before and the undercover agent did not take the stand to deny that such a statement was made to her. Since police knew defendant was not a cocaine dealer, yet induced him to make purchases and sales of cocaine, it would appear the police agents impermissibly manufactured or instigated a crime. See *People v White,* 411 Mich 366, 390; 308 NW2d 128 (1981); *People v Killian,* 117 Mich App 220; 323 NW2d 660 (1982). However, the failure of the trial court to make findings of fact prevents this Court from making a final determination on the entrapment question.

The decision of the trial court is reversed and the case remanded for an evidentiary hearing on the question of entrapment.

No ruling is made on the felony-firearm conviction since that issue was not appealed, briefed, or argued.

Reversed and remanded.

D. C. RILEY, J., concurs in the result only.