PEOPLE v WEATHERFORD

Docket No. 63260. Submitted April 8, 1983, at Detroit.—Decided June
27, 1983. Leave to appeal denied, 417 Mich 1100.33.

Defendant, Donald L. Weatherford, was charged in the Benzie
Circuit Court with delivery of marijuana. Defendant moved to
dismiss the charges based on the defense of entrapment. Fol-
lowing an evidentiary hearing, the trial court, Charles A.
Wickens, J., entered an order dismissing the charges based on
its finding of entrapment. The people appeal from such order.
*Held:*

1. The trial court properly applied the objective test of
entrapment. The trial court's findings of fact on the entrap-
ment issue were not clearly erroneous.

2. The trial court did not err in applying its findings on the
entrapment issue to a codefendant, since the charges against
defendant and the codefendant arose out of the same impermis-
sible conduct on the part of the police and their agent.

Affirmed.

1. CRIMINAL LAW — ENTRAPMENT — APPEAL.

The Court of Appeals will reverse a trial court's decision on the
issue of entrapment only where the trial court's findings of fact
are clearly erroneous or where the trial court made an errone-
ous application of the law.

2. CRIMINAL LAW — ENTRAPMENT — OBJECTIVE TEST.

Michigan has adopted the objective test for determining when
entrapment has occurred; under such test, the question is
whether agents of the government have acted in a manner
likely to instigate or create a criminal offense.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *O. Paul Schendel,* Prose-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 202.
[2] 21 Am Jur 2d, Criminal Law § 206.

cuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *Stuart B. Lev),* for defendant on appeal.

Before: WAHLS, P.J., and GRIBBS and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant was charged with delivery of marijuana, MCL 333.7401, subds (1) and (2)(c); MSA 14.15(7401), subds (1) and (2)(c). Defendant moved to dismiss the charges based on the defense of entrapment, and an evidentiary hearing was held pursuant to *People v. Turner,* 390 Mich 7; 210 NW2d 336 (1973), and *People v D'Angelo,* 401 Mich 167; 257 NW2d 655 (1977). On March 3, 1982, the trial court entered an order dismissing the charges based on its finding of entrapment. The people appeal.

This Court will reverse a trial court's decision on the issue of entrapment only where the court's findings of fact are clearly erroneous or where the court made an erroneous application of the law. *People v D'Angelo, supra,* p 183; *People v LaBate,* 122 Mich App 644; 332 NW2d 555 (1983).

We have examined the record and briefs and find no reversible error. The trial court properly applied the objective test of entrapment. *People v Turner, supra; People v Killian,* 117 Mich App 220; 323 NW2d 660 (1982), *lv den* 414 Mich 944 (1982). The court's finding that the police and their agent impermissibly manufactured or instigated the crime is well supported by the hearing testimony and is not clearly erroneous. *People v White,*

* Circuit judge, sitting on the Court of Appeals by assignment.

411 Mich 366; 308 NW2d 128 (1981); *People v Killian, supra.*

Finally, the trial court did not err in applying its findings on the entrapment issue to codefendant Henderson, since the charges against defendant and codefendant arose out of the same impermissible conduct on the part of the police and their agent.

Affirmed.