PEOPLE v SHIELDS

Docket No. 143944. Submitted May 13, 1993, at Detroit. Decided July 7, 1993, at 9:00 A.M. Leave to appeal sought.

Kyle A. Shields was convicted following a bench trial in the Detroit Recorder's Court, John Patrick O'Brien, J., of possession of between 50 and 225 grams of cocaine. He appealed.

The Court of Appeals *held:*

1. The trial court did not err in denying the defendant's motion to suppress evidence on the asserted ground that the police lacked a particularized suspicion of criminal activity when they stopped him in his automobile near a reported site of illicit drug sales. An investigatory stop is reasonable under US Const, Am IV and Const 1963, art 1, § 11 where, as in this case, the police have a particularized suspicion, based upon an objective observation, that the person stopped has been, is, or is about to be engaged in criminal wrongdoing.

2. The trial court's failure to make specific findings of fact in denying the motion to suppress did not deprive the defendant of meaningful appellate review. Such findings are not required by court rule for pretrial motions. Even if they were required, a remand for such findings would be unnecessary because the record manifestly indicates that the trial court was aware of the factual issues and resolved them.

3. The trial court complied with the requirements of MCR 6.402(B) when accepting the defendant's waiver of trial by jury. The trial court ascertained that the defendant understood the right and voluntarily waived it.

4. The trial court, in addressing defense counsel's objection to the prosecutor's statement during closing argument that the amount of cocaine had been stipulated by the parties, did not deprive the defendant of a fair trial in suggesting that counsel discuss the matter between them. After that discussion, defense counsel acknowledged the stipulation. In any event, the trial court had discretion to reopen proofs regarding the quantity of cocaine had it been necessary.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.*

*Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Maria A. Petito,* Assistant Prosecuting Attorney, for the people.

*Rose Mary C. Robinson,* for the defendant on appeal.

Before: JANSEN, P.J., and REILLY and M. R. KNOBLOCK,* JJ.

PER CURIAM. Defendant appeals as of right his conviction following a bench trial of possession of between 50 and 225 grams of cocaine. MCL 333.7403(2)(a)(iii); MSA 14.15(7403)(2)(a)(iii). We affirm.

I

Defendant first argues that the trial court clearly erred in denying his motion to suppress evidence. Specifically, he asserts that his initial stop by the police was not based upon a reasonable suspicion that he was or was about to be involved in criminal activity.

Officer Paul, the arresting officer, testified that, while on patrol, he received a radio call indicating that narcotics were being sold in front of an apartment building located at 600 Pingree in the City of Detroit. When he approached that address, he noticed several people in the area and a car, a black Beretta, parked across the street. The car was parked so that it was blocking a portion of the sidewalk. Officer Paul stated that there was no driveway where the car was parked and that it was parked in front of a vacant lot. When the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

patrol car approached the area, the driver of the Beretta attempted to back up. However, the car's path was blocked by the patrol car.

Officer Paul testified that he approached the car and asked the driver, defendant, for his driver's license. Defendant was unable to produce a license, and Officer Paul then requested that defendant get out of the vehicle. It was Officer Paul's testimony that he intended to arrest defendant for driving without a driver's license. As defendant was getting out of the vehicle, Officer Paul saw a plastic bag containing a white substance, which later proved to be cocaine, on the driver's seat where defendant had been sitting.

Officer Mahone testified that when he arrived on the scene, the car driven by defendant was already blocked by Officer Paul's vehicle. Officer Mahone stated that defendant's car was parked in what appeared to be a driveway in front of a vacant lot. He agreed with Officer Paul that the car was blocking the sidewalk. Officer Mahone also saw a plastic bag containing a white substance on the driver's seat of the car.

Two defense witnesses testified to a version of events that indicated that the cocaine was not discovered until after the police officers conducted a search of defendant's car. The witnesses also testified that defendant was backing up when his car was blocked by the police car.

A trial court's denial of a motion to suppress evidence will not be reversed on appeal in the absence of clear error. *People v Chambers,* 195 Mich App 118, 121; 489 NW2d 168 (1992). A decision is clearly erroneous if, although there is evidence to support it, the Court is left with a definite and firm conviction that a mistake has been made. *Id.* On the basis of our review of the record, we cannot conclude that the trial court

clearly erred in denying defendant's motion to suppress.

The Fourth Amendment and its Michigan counterpart guarantee the right of people to be secure against unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11.[1] The Fourth Amendment is not a guarantee against all searches and seizures, only those that are unreasonable. *People v Armendarez,* 188 Mich App 61, 66; 468 NW2d 893 (1991). A brief stop of a suspicious individual may be a reasonable seizure. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968); *Chambers, supra* at 121. In order for an investigatory stop to be reasonable, the police must have a particularized suspicion, based upon an objective observation, that the person stopped has been, is, or is about to be engaged in criminal wrongdoing. The "particularized suspicion" must be based upon an assessment of the totality of the circumstances presented to the police officer. *United States v Cortez,* 449 US 411, 417-418; 101 S Ct 690; 66 L Ed 2d 621 (1981); *People v Shabaz,* 424 Mich 42, 59; 378 NW2d 451 (1985).

We conclude that the investigatory stop in this case was reasonable and was not merely a pretext for a search for evidence of a crime. See *People v Haney,* 192 Mich App 207, 209; 480 NW2d 322 (1991). Officer Paul, responding to a police radio report that drugs were being sold in front of 600 Pingree, observed a car driven by defendant illegally parked across the street from that address. Additionally, consistent with the report of drug activity, the officer observed several people grouped in the area. Furthermore, testimony indi-

---

[1] Because the Michigan Constitution does not provide more protection than the United States Constitution, under the circumstances of this case, our analysis is controlled by federal law. *People v Faucett,* 442 Mich 153; 499 NW2d 764 (1993).

cates that defendant attempted to back his car into the street at the time the police car approached. While flight at the approach of the police, by itself, does not support a reasonable suspicion to support an investigative stop, it is a factor to be weighed in the consideration of the totality of the circumstances. *People v Parr,* 197 Mich App 41, 43; 494 NW2d 768 (1992). On the basis of the totality of the circumstances in this case, we conclude that the stop of defendant's vehicle was supported by the necessary reasonable suspicion.

We reject defendant's argument that the trial court clearly erred in believing the police officers' testimony over that of the defense witnesses. Resolution of facts about which there is conflicting testimony is a decision for the trial court. A trial court's resolution of disputed facts is given deference by this Court. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983).

II

Defendant argues that he was denied his right to meaningful appellate review of the suppression issue because the trial court did not make specific findings of fact when denying his motion to suppress. We disagree.

A judge who sits without a jury in a criminal trial must make specific findings of fact and state conclusions of law. MCR 6.403; *People v Jackson,* 390 Mich 621, 627; 212 NW2d 918 (1973). Although it is always preferable for purposes of appellate review that a trial court explain its reasoning and state its findings of fact with respect to pretrial motions, the court is not required to do so by court rule. See *People v Oliver,* 63 Mich App 509, 522-523; 234 NW2d 679 (1975).

To the extent that *People v LaBate,* 122 Mich App 644, 647; 332 NW2d 555 (1983), holds otherwise, we disagree with that decision. The Court in *LaBate* found that GCR 1963, 517.1 required that a trial judge make findings of fact regarding the defendant's claim of entrapment.[2] However, the Court ignored the provision in GCR 1963, 517 that stated that findings of fact are unnecessary in decisions regarding motions except as provided by GCR 1963, 504.2, the rule governing involuntary dismissals. See also MCR 2.517(4).

Even if the trial court were required to make findings of fact regarding defendant's suppression motion, remand would not be required because it is manifest that the trial judge was aware of the factual issues involved and resolved them. Before the hearing on the suppression motion, the parties stipulated to the use of testimony from the suppression hearing as the testimony for the bench trial. After the witnesses were presented at the suppression hearing, the trial court took the matter under advisement. On the next scheduled court date, the trial court denied defendant's motion to suppress. Both sides then presented closing arguments, following which the trial court made findings of fact with regard to the offense charged. It is clear from those findings that the trial court believed the factual testimony given by the police officers rather than the testimony of the defense witnesses, and that its acceptance of the officers' testimony was the basis of its denial of the motion to suppress. Remand for further explanation is not necessary because it would not facilitate appellate review in this case. *Jackson, supra* at 627, n 3; *People v Vaughn,* 186 Mich App 376, 384; 465

---

[2] GCR 1963, 517 is the predecessor of MCR 2.517. Both rules require that in an action tried without a jury and where there are disputed issues of fact, the trial judge must make specific findings of fact.

NW2d 365 (1990); *People v Legg,* 197 Mich App 131, 134; 494 NW2d 797 (1992).

III

Next, defendant argues that the trial court did not secure a proper jury trial waiver because it did not make any inquiry with regard to whether he was threatened or promised anything in exchange for his waiver.

MCR 6.402(B) provides:

> Waiver and Record Requirements. Before accepting a waiver, the court must advise the defendant in open court of the constitutional right to trial by jury. The court must also ascertain, by addressing the defendant personally, that the defendant understands the right and that the defendant voluntarily chooses to give up that right and to be tried by the court. A verbatim record must be made of the waiver proceeding.

In the present case, the trial court questioned defendant as follows:

> *The Court:* And Mr. Shields, you understand you have a Constitutional right to a trial by a jury?
> *Defendant:* Yes, Your Honor
> *The Court:* You don't want a jury though, you want me to try it without a jury?
> *Defendant:* Yes, Your Honor.
> *The Court:* And you know I'll be deciding the facts in the case as well as the law?
> *Defendant:* Yes, Your Honor.
> *The Court:* And that's what you want?
> *Defendant:* Yes, Your Honor.
> *The Court:* And you signed that waiver?
> *Defendant:* Yes.

We conclude that the trial court properly ascer-

tained that defendant understood his right to have a jury trial and that he voluntarily waived that right. See *People v Reddick,* 187 Mich App 547, 550; 468 NW2d 278 (1991).

IV

Lastly, defendant argues that he was denied a fair trial because of the conduct of the trial court. The record reveals that during closing argument in this case the prosecutor stated that the weight of the cocaine had been stipulated by the parties. When defense counsel objected, stating that he did not recall such a stipulation, the trial court responded:

> *The Court:* Well, let's see. I don't see it in my notes here about the amount of drugs. Why don't you men talk for a moment. Perhaps we better do that for purposes of our trial?

Thereafter, defense counsel stated on the record that he would stipulate to the weight of the cocaine.

We conclude that the trial court's conduct in this situation did not deprive defendant of a fair trial. The court made no more than a suggestion that the attorneys discuss the problem, and defense counsel readily stipulated the amount of cocaine that was involved in this case. Furthermore, even if defense counsel had not stipulated the amount in question, the trial court had the discretion to reopen the proofs and permit the prosecutor to present evidence of the quantity of cocaine. See *People v Betts,* 155 Mich App 478, 480-481; 400 NW2d 650 (1986).

Affirmed.