# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 23, 2009

138074

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

TYRONE JEFFERY CARTER,
      Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138074
COA: 288198
Kent CC: 06-010301-FH

On order of the Court, the application for leave to appeal the November 21, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CORRIGAN, J. (*concurring*).

I concur in the order denying defendant's application for leave to appeal. Nevertheless, I write separately to reiterate my view that the judicial branch lacks the authority to implement the entrapment defense. Because our judicially crafted entrapment defense is without constitutional foundation, it should be abrogated. Consequently, I would conclude that not only does the entrapment issue set forth by defendant lack merit, it also lacks a valid legal foundation.

Defendant was charged with conspiracy to deliver less than 50 grams of cocaine[1] and delivery of less than 50 grams of cocaine.[2] Additionally, defendant was given notice of possible sentence enhancement under both the habitual offender statutes[3] and the Public Health Code.[4] Defendant moved to dismiss the charges, arguing that he had been entrapped. After an evidentiary hearing, the trial court concluded that entrapment was

---

[1] MCL 333.7401(2)(a)(*iv*); MCL 750.157a.

[2] MCL 333.7401(2)(a)(*iv*).

[3] MCL 769.12.

[4] MCL 333.7413(2).

not established under the test set forth in *People v Johnson*, 466 Mich 491 (2002). Immediately thereafter, defendant entered an unconditional guilty plea to the conspiracy charge. In exchange, the prosecutor dismissed the remaining charge and the sentence enhancement notices. Defendant subsequently filed a delayed application for leave to appeal in the Court of Appeals, which the court denied for lack of merit in the grounds presented.

While I generally concur with the Court of Appeals that the entrapment issue raised by defendant lacks merit, I further believe that the entrapment defense itself lacks a valid legal foundation. Indeed, "[o]nce a 'defendant has engaged in conduct constituting all the elements of a criminal offense, as defined by the Legislature,' this Court does not then have the authority to conclude that the Legislature did not intend that the defendant be punished or that the prosecution should be barred as a matter of policy."[5] Accordingly, for the reasons stated in my dissenting statement in *People v Maffett*, 464 Mich 878 (2001), as well as my concurring in part and dissenting in part opinion in *People v Claypool*, 470 Mich 715 (2004), I remain convinced that our judicially crafted entrapment defense is without constitutional foundation and should be abrogated. Moreover, although I agree with the order denying defendant's application in this case, I would not oppose a grant of leave to appeal to consider the argument that entrapment is a non-jurisdictional affirmative defense that should be considered waived by an unconditional guilty plea and, as a corollary, whether *People v White*, 411 Mich 366 (1981) was correctly decided.[6]

For these reasons, I concur in the order denying defendant's application for leave to appeal, but I also reaffirm my view that the ongoing recognition of the entrapment defense by the judiciary amounts to an unconstitutional usurpation of executive and legislative powers.

KELLY, C.J. (*dissenting*).

I disagree with the Court of Appeals decision to deny leave to appeal for lack of merit in the grounds presented.

---

[5] *People v Claypool*, 470 Mich 715, 735-736 (2004), quoting *People v Maffett*, 464 Mich 878, 895 (2001).

[6] Chief Justice Kelly is correct that the "issue of the constitutionality of the entrapment defense was never raised in this Court." *Post* at 3. A review of the record reveals, however, that the prosecutor did raise this issue before the Court of Appeals. The prosecutor specifically argued that when properly understood as a nonjurisdictional defense, entrapment "should be considered waived" by an unconditional guilty plea. Indeed, the prosecutor expressly raised this issue "for purposes of issue preservation."

The issue of the constitutionality of the entrapment defense was never raised in this Court. In fact, the prosecution never responded to defendant's application for leave to appeal.[7]

In *People v Johnson*,[8] the Court listed 12 factors that are relevant in determining whether the police engaged in impermissible conduct. Here, at least three of those factors are present: (1) the existence of inducements that would have made the commission of a crime unusually attractive to an otherwise law-abiding citizen similarly situated to the defendant, (2) the existence of offers of excessive consideration or other enticement, and (3) the existence of any police procedures that tended to escalate the criminal culpability of the defendant. The presence of these factors may support a finding that defendant was entrapped. Indeed, numerous cases have found entrapment under circumstances similar to those present in this case.[9]

Therefore, I would remand this case to the Court of Appeals for consideration of the issue as on leave granted.

---

[7] See, e.g., *Gross v Gen Motors Corp*, 448 Mich 147, 162 n 8 (1995) ("[f]ailure to properly brief an issue on appeal constitutes abandonment of the question").

[8] *People v Johnson*, 466 Mich 491 (2002).

[9] See, e.g., *People v Juillet*, 439 Mich 34 (1991); *People v White*, 411 Mich 366 (1981); *People v Killian*, 117 Mich App 220 (1982); *People v LaBate*, 122 Mich App 644 (1983); *People v Asher*, 67 Mich App 174 (1976).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 23, 2009

d0616

Clerk