Kelly, C.J.
(dissenting). I disagree with the Court of Appeals decision to deny leave to appeal for lack of merit in the grounds presented.
The issue of the constitutionality of the entrapment defense was never raised in this Court. In fact, the prosecution never responded to defendant’s application for leave to appeal.[1]
In People v Johnson,[2] the Court listed 12 factors that are relevant in determining whether the police engaged in impermissible conduct. Here, at least three of those factors are present: (1) the existence of inducements that would have made the commission of a crime unusually attractive to an otherwise law-abiding citizen similarly situated to the defendant, (2) the existence of offers of excessive consideration or other enticement, and (3) the existence of any police procedures that tended to escalate the criminal culpability of the defendant. The presence of these factors may support a finding that defendant was entrapped. Indeed, numerous cases have found entrapment under circumstances similar to those present in this case.[3]
Therefore, I would remand this case to the Court of Appeals for consideration of the issue as on leave granted.

 See, e.g., Gross v Gen Motors Corp, 448 Mich 147, 162 n 8 (1995) (“[flailure to properly brief an issue on appeal constitutes abandonment of the question”).

 People v Johnson, 466 Mich 491 (2002).

 See, e.g., People v Juillet, 439 Mich 34 (1991); People v White, 411 Mich 366 (1981); People v Killian, 117 Mich App 220 (1982); People v LaBate, 122 Mich App 644 (1983); People v Asher, 67 Mich App 174 (1976).