PEOPLE v LEGG

Docket No. 135925. Submitted November 3, 1992, at Detroit. Decided
    November 18, 1992, at 9:30 A.M. Leave to appeal sought.

  Lewis C. Legg was convicted following a bench trial in the Detroit
    Recorder's Court, Harvey F. Tennen, J., of two counts of first-
    degree criminal sexual conduct involving his thirteen-year-old
    stepdaughter. He appealed.

    The Court of Appeals *held:*

    1. Sufficient evidence of cunnilingus was presented at trial.
    The trial court did not fail to consider the proffered defense of
    accident with respect to digital penetration of the victim's
    vagina. A remand for further explication of the trial court's
    findings regarding the defense would serve no useful purpose,
    because it is clear that the trial court was aware of the defense,
    but chose not to believe it.

    2. The trial court, in refusing to allow the defendant to
    question the complainant's mother about the victim's allegation
    of sexual abuse by another male, did not seriously interfere
    with the defendant's trial strategy, inasmuch as the defendant
    was permitted to cross-examine the victim.

    Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Carolyn M. Breen,* Assistant Prosecuting Attorney, for the people.

*Frank Singer,* for the defendant on appeal.

Before: FITZGERALD, P.J., and HOLBROOK, JR., and CORRIGAN, JJ.

PER CURIAM. Defendant Lewis C. Legg was convicted after a bench trial of two counts of first-

degree criminal sexual conduct, MCL 750.520b(1) (b)(i); MSA 28.788(2)(1)(b)(i). The complainant, his stepdaughter, was thirteen years old at the time of the alleged offenses. Defendant appeals as of right, and we affirm.

Defendant first argues that the evidence was insufficient to establish an act of cunnilingus. We disagree. When reviewing a challenge of the sufficiency of the evidence in a bench trial, the reviewing court must view the evidence in the light most favorable to the prosecution. *People v Wardlaw,* 190 Mich App 318, 319; 475 NW2d 387 (1991). The standard of review for a bench trial is whether there is sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 269-270; 380 NW2d 11 (1985). A trier of fact may make reasonable inferences from the facts, if the inferences are supported by direct or circumstantial evidence. *People v Metzler,* 193 Mich App 541, 547; 484 NW2d 695 (1992). The evidence is sufficient if, taken as a whole, it justifies submitting the case to the trier of fact. *People v Hampton,* 407 Mich 354, 367; 285 NW2d 284 (1979).

MCL 750.520b; MSA 28.788(2) provides:

(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

\* \* \*

(b) That other person is at least 13 but less than 16 years of age and . . . .

(i) The actor is a member of the same household as the victim.

An act of cunnilingus, by definition, involves an act of sexual penetration. MCL 750.520a(l); MSA

28.788(1)(l); *People v Harris,* 158 Mich App 463, 470; 404 NW2d 779 (1987). See also *People v Sommerville,* 100 Mich App 470, 480-481; 299 NW2d 387 (1980) (oral sex acts are included in the definition of sexual penetration because they are "as offensive to the victim and to society as is forcible penetration").

The *Harris* Court, after reviewing several dictionary definitions of "cunnilingus," concluded that "it is evident that cunnilingus requires the placing of the mouth of a person upon the external genital organs of the female which lie between the labia, or the labia itself [sic], or the mons pubes [sic]." 158 Mich App 470. The complainant said that defendant touched "[t]he part [of her body] that I go to the bathroom with" with his mouth. This testimony supported the verdict. Defendant's touching with his mouth of the urethral opening, vaginal opening, or labia establish cunnilingus. The labia are included in the "genital openings" of the female; see *People v Bristol,* 115 Mich App 236, 238; 320 NW2d 229 (1981). Sufficient evidence supported the verdict.

Defendant relies on CJI 20:2:01(2)(c), which requires for first-degree criminal sexual conduct a sexual act that involves penetration, "some actual entry into the genital or anal openings of the complainant's (vagina/anus) by the defendant's (penis/finger/tongue)." Defendant's argument is without merit. The instruction is incorrect. Furthermore, the Michigan Criminal Jury Instructions "do not have the official sanction of [the Michigan Supreme] Court." *Petrella, supra* at 277. Moreover, CJI2d 20.1(2)(c), which describes cunnilingus as the "touching of [name complainant's] vagina with the defendant's mouth or tongue" is also incomplete and should be amended. A revised instruction for cunnilingus should reflect the defi-

nition given in *Harris,* which does not limit the offense to touching of the vagina itself.

Defendant next contends that the trial court failed to consider his defense of accident to the charge of digital penetration. Complainant testified that, while she was wearing a nightgown, defendant partially removed her underpants and inserted his finger into her vagina. Defendant did not testify. His statement to a police officer was read into the record. In it, defendant claimed that he was "wrestling" with complainant and accidentally touched her pubic hair.

MCR 6.403[1] provides:

When trial by jury has been waived, the court with jurisdiction must proceed with the trial. The court must find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment. The court must state its findings and conclusions on the record or in a written opinion made a part of the record.

Factual findings are sufficient as long as it appears that the trial court was aware of the issues in the case and correctly applied the law. *People v Armstrong,* 175 Mich App 181, 185; 437 NW2d 343 (1989). The court need not make specific findings of fact regarding each element of the crime. *People v Wardlaw,* 190 Mich App 318, 320-321; 475 NW2d 387 (1991); *People v Vaughn,* 186 Mich App 376, 384; 465 NW2d 365 (1990). A court's failure to find the facts does not require remand where it is manifest that the court was aware of the factual issue, that it resolved the issue, and that further

[1] MCR 6.403, pertaining specifically to waiver of trial by jury in criminal matters, incorporates MCR 2.517 and "implicitly incorporates the existing body of decisional law beginning with *Jackson* addressing issues such as the sufficiency of fact findings and the appropriate remedy when findings are insufficient." See MCR 6.403, Note.

explication would not facilitate appellate review. *People v Jackson,* 390 Mich 621, 627, n 3; 212 NW2d 918 (1973).

The trial court was aware of defendant's defense of accident, and chose to disbelieve and disregard it. The court initially said that defendant had "admitted" touching the complainant, but was immediately corrected by the prosecutor. Defense counsel also added immediately, "[H]e said it was accidental." The court replied, "In his statement he says his fingers might have went [sic] between her vagina lips. 'Might have' is his statement." The court emphasized the words "might have." This statement shows that the court was aware of defendant's claim that the touching was involuntary. Complainant testified that she had been sleeping on the floor and was awakened when defendant removed her underpants and touched her. The trial court found the complainant's testimony credible. The "accident" defense was entirely inconsistent with complainant's description of what happened. A remand for an explicit finding regarding this issue would serve no useful purpose. *Jackson, supra.*

Finally, defendant complains that he should have been permitted to question complainant's mother regarding an allegation of sexual abuse complainant had made against another male. The court sustained the prosecutor's objections on the grounds of hearsay and irrelevance, because the complainant was available for cross-examination. In fact, defendant did cross-examine complainant on this issue. Defendant's argument, then, is moot. We find untenable his contention that his inability to examine the victim's mother on the same point represents a serious interference with his "trial strategy."

Affirmed.