# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTONIO LAMONT STRONG,

        Defendant-Appellant.

UNPUBLISHED
February 11, 2016

No. 324056
Wayne Circuit Court
LC No. 12-007449-FC

Before: CAVANAGH, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of felonious assault, MCL 750.82, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

On April 12, 2012, at about 8:00 a.m., Lalinda Brown, pulled her car into a parking spot at Mickey Shorr intending to purchase car speakers, but the store was not yet open. While waiting in her car, Brown saw defendant sitting in a parking spot a few feet away from her. He then walked up to Brown's car and asked her for her phone number, but she told him that she did not have a phone. Defendant then asked Brown if she would perform fellatio on him. She refused and showed him a crow bar that was on her passenger seat to scare him away.

After defendant walked away and sat back down in a nearby parking spot, Brown called the police to report his actions. When defendant saw what Brown was doing, he became enraged, walked up to the driver's side door of her car, pulled up his shirt, took out a gun, and told Brown to give him her car. Brown told defendant that the keys were in the backseat and, while he searched for the keys, she exited the car through the passenger side door and ran. Defendant then exited the car, leaned over the hood, and fired two shots, missing Brown both times. Brown ran to a nearby house where the police were called. Defendant was eventually arrested.

At trial, defendant testified that Brown called the police after she rejected his advances. She then removed a tire iron from her trunk and told him that she was going to beat him with the tire iron. In response to her threat, defendant testified, he showed Brown that he was carrying a gun. Brown then ran back into her car, exited through the passenger side door, and ran away. Defendant denied ever firing the gun, despite admitting in an earlier statement to police that he had fired the gun once.

-1-

Defendant's sole claim on appeal is that the trial court did not properly instruct itself on, or consider, his self-defense claim. We disagree.

The prosecution correctly argues that defendant has mischaracterized the issue on appeal as one of instructional error. Defendant cites to *People v Maghzal*, 170 Mich App 340; 427 NW2d 552 (1988), for the proposition that a trial court that has not properly instructed itself as to self-defense is akin to an improperly instructed jury. However, *Maghzal* dealt with a trial court's failure to consider lesser-included offenses. *Id*. at 347. The Court held that reversal of the defendant's convictions was proper because the trial court's actions were "analogous to those cases in which the jury was not instructed as to lesser offenses." *Id*. Unlike *Maghzal*, the present case involves whether the trial court properly considered and articulated a finding regarding defendant's claim of self-defense.

MCR 6.403 states that, in a bench trial, "[t]he court must find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment. The court must state its findings and conclusions on the record or in a written opinion made a part of the record." See also MCR 2.517(A); *People v Jackson*, 390 Mich 621, 627; 212 NW2d 918 (1973). "Factual findings are sufficient as long as it appears that the trial court was aware of the issues in the case and correctly applied the law." *People v Legg*, 197 Mich App 131, 134; 494 NW2d 797 (1992). The trial court need not make specific findings of fact in regard to each element of the crime. *Id*. "A court's failure to find the facts does not require remand where it is manifest that the court was aware of the factual issue, that it resolved the issue, and that further explication would not facilitate appellate review." *Id*. at 134-135.

A review of the record demonstrates that the trial court clearly considered and rejected defendant's self-defense claim. After making a finding that defendant did in fact fire his weapon, which was consistent with evidence that it had recently been fired, the trial court stated, "although the defendant has tried to float the self-defense notion, he has also denied that he fired his weapon at all. He said he just got it out and brandished it in self-defense. And . . . the defendant does present some . . . obvious problems and has challenges. And, you know, his . . . testimony on specifics isn't entirely reliable." The trial court also considered defendant's intent in firing his weapon. While noting that ascertaining defendant's intent was not easy, the trial court found that, "at the very minimum he had the intent to, to frighten the complainant or to make her fear an immediate battery." Therefore, it is clear that the trial court was aware of the issues in the case, including defendant's claim of self-defense, and correctly applied the law. See *id*. at 134.

This Court's ruling in *Legg* is informative. In *Legg*, the defendant was convicted of two counts of first-degree criminal sexual conduct after a bench trial. *Id*. at 131-132. On appeal, the defendant argued that the trial court failed to consider his defense of accident when rendering its verdict. *Id*. at 134. This Court rejected that argument, noting that the trial court addressed the defendant's defense when it emphasized his statement that he "might have" accidentally inappropriately touched the victim. *Id*. at 135. That is, this observation by the trial court was sufficient to demonstrate that it considered the defendant's defense of accident and "chose to disbelieve and disregard it." *Id*. The trial court in the present case went into much greater detail in its finding related to defendant's self-defense claim, noting that defendant tried to advance a

theory of self-defense, but his testimony was not credible. Accordingly, defendant's claim is without merit.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Michael F. Gadola