# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAMION LAVAR NEVILLS, JR.,

        Defendant-Appellant.

UNPUBLISHED
August 9, 2016

No. 328463
Berrien Circuit Court
LC No. 2014-005235-FC

Before: SERVITTO, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

A jury convicted defendant of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b), in connection with the forcible sexual penetration of a 12-year-old girl. The trial court sentenced defendant to 25 to 75 years of imprisonment, but also imposed a $100 fine. Defendant challenges the sufficiency of the evidence supporting his convictions and the constitutionality of his prison terms. Neither of these claims has merit and we affirm defendant's convictions and sentences. However, we vacate the $100 fine as it was not authorized by MCL 750.520b.

## I. BACKGROUND

The 19-year-old defendant met the 12-year-old complainant at a park in Benton Harbor. The complainant testified that defendant invited her back to his house while defendant claimed she followed him. Although defendant insists nothing happened between the two, the complainant painted a very different version of events. Specifically, the complainant accused defendant of using physical force to keep her in the house when she tried to leave, pushing her head down to force her to perform fellatio, and penetrating her vagina with his penis without consent.

Eventually, the mother of complainant's friend found her at defendant's home. Various witnesses asserted that complainant did not appear upset and seemed fine at the time. The complainant waited three days to tell her parents about the assault.

Nurse Mindy O'Brien conducted a post-sexual assault medical examination on complainant. The complainant reported to O'Brien that defendant had "pulled off her pants" and stuck his penis into her vagina, describing this as extremely painful. The complainant further asserted that defendant had put his penis in her mouth and touched her right neck and breast.

-1-

O'Brien testified that while the complainant cooperated and was polite during their discussion, she was embarrassed and scared about what had happened and expressed fear that she would get in trouble.

O'Brien gave complainant a "head to toe" exam, looking for any injuries. O'Brien discovered circular bruises on the complainant's wrist, thigh, and arm, consistent with fingers. O'Brien also conducted a detailed genital exam. She noted "generalized redness in [the complainant's] vaginal area" when she "pulled back the labia." O'Brien's inspection of the complainant's hymen revealed two lacerations consistent with intercourse and "something being very forcefully jammed in there" at an angle "a lot of times."

O'Brien was unable to date complainant's bruises or her genital injuries. Moreover, complainant told O'Brien that "she had showered, changed her clothes, bathed and washed." O'Brien found this and the 72 hours between the incident date and exam to be important because "showering, bathing, brushing your teeth" and time can "all affect evidence collection."

Indeed, the forensic examiner was unable to find a presence of seminal fluid, saliva, and/or sperm cells after examining the physical evidence collected during the complainant's physical examination. He also noted that the DNA reference samples came back negative.

The jury credited complainant's testimony and convicted defendant as charged. He now appeals.

## II. SUFFICIENCY OF EVIDENCE

On appeal, defendant argues that his convictions fail the sufficiency of evidence test and therefore should be set aside.

When a defendant challenges the sufficiency of the evidence following a jury-trial conviction, this Court reviews the defendant's convictions de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). The Court must ask after reviewing the evidence in the light most favorable to the prosecution, "whether a rational trier of fact could find that the evidence proved the essential elements of the crime beyond a reasonable doubt." *Id.* at 175.

The Fifth and Fourteenth Amendments of the United States Constitution "[protect] the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." US Const Am V, XIV; *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970).

"A trier of fact may make reasonable inferences from the facts, if the inferences are supported by direct or circumstantial evidence." *People v Legg*, 197 Mich App 131, 132; 494 NW2d 797 (1992). "[C]ircumstantial evidence is oftentimes stronger and more satisfactory than direct evidence." For this reason, inferences drawn from circumstantial evidence are reviewed in the same manner as those drawn from direct evidence." *People v Wolfe*, 440 Mich 508, 526; 489 NW2d 748 (1992), mod 441 Mich 1201 (1992). "The evidence is sufficient if, taken as a whole, it justifies submitting the case to the trier of fact." *People v Legg*, 197 Mich App 131, 132; 494 NW2d 797 (1992).

"A person is guilty of criminal sexual conduct in the first degree if" they are 17 years of age or older and engage in sexual penetration with an individual who is less than 13 years of age. MCL 750.520b. " 'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." *People v Garrow*, 99 Mich App 834, 837; 298 NW2d 627 (1980); see also MCL 750.520a(r).

First, the evidence supported that defendant was over the age of 17 and the complainant under the age of 13 at the time of the offense. Evidence also supported that a sexual penetration occurred. Complainant testified that defendant sexually penetrated her on two occasions: when he pushed complainant's head towards his penis and required her to perform oral sex on him, and when defendant took off complainant's leggings and "stuck" his unprotected penis into her vagina. A complainant's testimony standing alone can be sufficient to support a defendant's conviction. *People v Szalma*, 487 Mich 708, 724; 790 NW2d 662 (2010); MCL 750.520h.

The physical evidence also tended to support the complainant's claim that someone sexually assaulted her. O'Brien's physical examination revealed circular bruises on complainant's wrist, thigh and arm consistent with marks left by fingers. Additionally, O'Brien observed "general redness in [complainant's] vaginal area" when she "pulled back the labia," and two lacerations on the complainant's hymen. O'Brien testified that these tears are consistent with intercourse and "something being very forcefully jammed in there" at an angle "a lot of times."

Although the evidence collection kit and DNA reference samples came back negative, O'Brien's and the forensic examiner's testimonies support that DNA recovery may have been affected by the passage of time between the assault and examination and by the complainant's acts of showering and using the toilet.

Because the evidence supporting defendant's conviction of two counts of CSC-I is plentiful, it follows that the prosecution fulfilled its duty in proving defendant's guilt by legally sufficient evidence and beyond a reasonable doubt.

### III. IMPROPER ASSESSMENT OF FINE

Defendant next argues and the prosecution concedes that the court was not permitted under the statute to impose a $100 fine. See *People v Wesley*, 148 Mich App 758, 764; 384 NW2d 783 (1985) (holding that a trial court "was without authority to impose a fine" in CSC-I cases).

"[T]he interpretation and application of a statute . . . is a question of law" that we review de novo. *People v Zajaczkowski*, 493 Mich 6, 12; 825 NW2d 554 (2012). The foremost rule of statutory construction is to discern and give effect to the intent of the Legislature. *People v Cole*, 491 Mich. 324, 330; 817 N.W.2d 497 (2012). In doing so, we focus on the plain language of the statute and, if the statute is unambiguous, we "must conclude that the Legislature 'intended the meaning clearly expressed[.]' " *Id.* (citation omitted). Although we generally

-3-

interpret terms in a statute according to their ordinary meanings, we must accept and apply the definitions of terms specifically provided in a statutory scheme. *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998). [*People v Lyon*, 310 Mich App 515, 517; 872 NW2d 245 (2015).]

MCL 750.520b(2), the penalty provision of the statute proscribing CSC-I, provides for imprisonment for life or any term of years, but not less than 25 years, and lifetime electronic monitoring upon release, but nowhere is there mention of a fine. Because MCL 750.520b does not provide a fine, the court was unauthorized to impose one. We vacate that portion of the court's judgment.

## IV. 25-YEAR MANDATORY MINIMUM SENTENCE AND VIOLATION OF SEPARATION OF POWERS CLAUSE

Defendant also argues that the Legislature's 25-year mandatory minimum sentence under MCL 750.520b(2)(b) violates the separation of powers clause in Michigan's constitution.

"[U]nder established rules of statutory construction, statutes are presumed constitutional, and courts have a duty to construe a statute as constitutional unless unconstitutionality is clearly apparent." *Wysocki v Kivi*, 248 Mich App 346, 355; 639 NW2d 572 (2001). "[T]he party challenging [the statute] bears the "heavy burden" of rebutting" the statutes' invalidity. *People v Sleet*, 193 Mich App 604, 607; 484 NW2d 757 (1992). "We review the constitutionality of statutes de novo." *Wysocki*, 248 Mich App at 357.

The Michigan Constitution provides that "[t]he powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 3, § 2.

> The separation of powers doctrine has never been interpreted in Michigan as meaning there can never be any overlapping of functions between branches or no control by one branch over the acts of another. Some overlapping is permissible provided the area of one branch's exercise of another branch's power is very limited and specific. [*People v Trinity*, 189 Mich App 19, 22-23; 471 NW2d 626 (1991).]

As noted in *People v Hegwood*, 465 Mich 432, 436-437; 636 NW2d 127 (2001),

[T]he ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature. Const 1963, art 4, § 45. The authority to impose sentences and to administer the sentencing statutes *enacted by the Legislature* lies with the judiciary. See, e.g., MCL 769.1(1).

Based on the provisions of our Constitution, therefore, the Legislature has the power to provide a mandatory minimum sentence in a criminal statute, and the courts have the power to impose sentence pursuant to the legislatively-created criminal statutes. The Legislature acted within its sphere of authority in creating such a minimum sentence in MCL 750.520b and the

trial court acted within its sphere of authority in imposing sentence. There was no violation of the separation of powers.

## V. MANDATORY MINIMUM IS CRUEL OR UNUSUAL PUNISHMENT

Defendant lastly argues that the mandatory 25-year minimum sentence for his first-degree CSC convictions is cruel and/or unusual punishment in violation of both the federal and state constitutions. Defendant acknowledges that this issue is controlled by binding case law, *People v Benton*, 294 Mich App 191, 203-207; 817 NW2d 599 (2011). We review de novo constitutional challenges to statutes. *Id*. at 203.

This Court in *Benton* held that the mandatory 25-year minimum sentence for CSC-I was not cruel or unusual punishment under the federal or state constitutions. *Id*. at 207. In its rationale, this Court acknowledged an observation made in *In re Hildebrant*, 216 Mich App 384, 386-387; 548 NW2d 715 (1996), regarding public policy and statutory rape:

> Statutory rape, a strict-liability offense, has been upheld as a matter of public policy because of the need to protect children below a specific age from sexual intercourse. The public policy has its basis in the presumption that the children's immaturity and innocence prevents them from appreciating the full magnitude and consequences of their conduct. *People v Cash*, 419 Mich 230, 242; 351 NW2d 822 (1984). Because this policy focuses on the exploitation of the victim, we find that the Legislature did not intend to withdraw the law's protection of the victim in order to protect the offender.

This statement of Michigan public policy, this Court found, "conflicts with defendant's attempt to minimize the gravity and severity of her offense." *Benton*, 294 Mich App at 205.

In response to the defendant's argument that "the mandatory 25-year minimum sentence is unduly harsh compared to penalties for other offenses under Michigan law, including many violent offenses," the *Benton* Court stated:

> The perpetration of sexual activity by an adult with a preteen victim is an offense that violates deeply ingrained social values of protecting children from sexual exploitation. Even when there is no palpable physical injury or overtly coercive act, sexual abuse of children causes substantial long-term psychological effects, with implications of far-reaching social consequences. The unique ramifications of sexual offenses against a child preclude a purely qualitative comparison of sentences for other offenses to assess whether the mandatory 25–year minimum sentence is unduly harsh. [*Id*. at 206.]

Lastly, *Benton* noted the numerous statutes implemented by other states that also impose a mandatory 25-year minimum sentence for an adult offender's sexual offense against a preteen victim to demonstrate that "a comparison of Michigan's penalty and those imposed for the same offenses in other states fails to support defendant's attack on the constitutionality of Michigan's sentencing statute." *Id*. at 206-207.

We affirm defendant's convictions and sentences but vacate the $100 fine imposed in defendant's judgment of sentence.


/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher