# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL RAY MESSER,

        Defendant-Appellant.

UNPUBLISHED
August 8, 2017

No. 332080
Wayne Circuit Court
LC No. 15-009367-01-FH

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Defendant, Michael Ray Messer, was convicted after a bench trial of first-degree home invasion, MCL 750.110a(2), and sentenced as a fourth-offense habitual offender, MCL 769.12, to 8 to 20 years in prison. We affirm defendant's conviction and sentence but remand this matter for the correction of the presentence investigation report.

Defendant was convicted of first-degree home invasion pursuant to MCL 750.110a(2), which provides as follows:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exist:
>
> (a) The person is armed with a dangerous weapon.
>
> (b) Another person is lawfully present in the dwelling.

On appeal, defendant argues that the trial court failed to find that the home that he entered constituted a "dwelling" for purposes of MCL 750.110a(2). Alternatively, he argues that, assuming the trial court did find that the home that he entered constituted a "dwelling" for purposes of MCL 750.110a(2), its finding in this regard was against the great weight of the evidence. Either way, defendant contends, reversal is required. We disagree.

-1-

"A judge who sits without a jury in a criminal trial must make specific findings of fact and state conclusions of law." *People v Shields*, 200 Mich App 554, 558; 504 NW2d 711 (1993). MCR 6.403 controls in this regard:

> When trial by jury has been waived, the court with jurisdiction must proceed with the trial. The court must find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment. The court must state its findings and conclusions on the record or in a written opinion made a part of the record.

"The court need not make specific findings of fact regarding each element of the crime." *People v Legg*, 197 Mich App 131, 134; 494 NW2d 797 (1992). However, the trial court's factual findings should demonstrate how it "resolved credibility issues and conflicts in evidence" and "reveal the law applied by the trial court." *People v Ramsey*, 89 Mich App 468, 477; 280 NW2d 565 (1979). "Factual findings are sufficient as long as it appears that the trial court was aware of the issues in the case and correctly applied the law." *Legg*, 197 Mich App at 134. "A court's failure to find the facts does not require remand where it is manifest that the court was aware of the factual issue, that it resolved the issue, and that further explication would not facilitate appellate review." *Id*. at 134-135. "The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009).

Defendant's primary argument—that reversal is required because the trial court failed to find that the home that he entered constituted a "dwelling" for purposes of MCL 750.110a(2)—is not supported by the record. At the outset, as stated above, "[t]he court need not make specific findings of fact regarding each element of the crime." *Legg*, 197 Mich App at 134. Consequently, even if we assume that the trial court did not make a specific finding that the home that defendant entered constituted a "dwelling" for purposes of MCL 750.110a(2), reversal is not required. *Id*. Nevertheless, addressing the merits of defendant's argument, we conclude that the trial court's factual finding that the home entered by defendant constituted a "dwelling" under MCL 750.110a(2) was sufficient for purposes of MCR 6.403. The trial court recognized that it was bound by MCR 6.403: "This Court recognizes that, that at this point, this Court must find the facts specifically, and state separately its conclusions of law, and enter an appropriate judgment, based on the facts, the conclusions of law, pursuant to MCR 6.403." It then proceeded to make a variety of factual findings, and those findings included a finding that defendant entered a "dwelling." Throughout its factual findings, the trial court referenced the dwelling specifically as "the dwelling" and generally as "the premises," "the home," and "the property." Based on this factual finding, as well as its other factual findings and conclusions of law, the trial court found defendant guilty beyond a reasonable doubt of first-degree home invasion. In our view, it is quite apparent that the trial court was aware of the issues, that the trial court correctly applied the law and resolved the issues, and that further explication would not facilitate appellate review. *Legg*, 197 Mich App at 134-135. Therefore, reversal is not required.

Defendant's alternative argument—that, assuming the trial court did find that the home that he entered constituted a "dwelling" for purposes of MCL 750.110a(2), its finding in this regard was against the great weight of the evidence—is also not supported by the record. As

defendant recognizes, MCL 750.110a(1)(a) defines the term "dwelling" as "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." According to defendant, the evidence presented at trial demonstrated that the home was being used "as a temporary storage facility, or worse, as a dumping space for items [the tenant] no longer wanted[,]" not an abode. The record belies this assertion. At trial, the victim identified the home defendant entered as "[w]here [he was] living at" when the crime at issue was committed. He described it as an "older house" with "[t]wo" bedrooms, a "[b]asement," an "[a]ttic," and a "[t]hree car garage." In our view, this constitutes "a structure or shelter that is used permanently or temporarily as a place of abode" according to the plain and ordinary meaning of the term "dwelling" as used in MCL 750.110a(1)(a). *People v Ridge*, ___ Mich App ___, ___; ___ NW2d ___ (2017); slip op at 7 ("If the plain and ordinary meaning of a statute's language is clear, we enforce it as written."). Conversely, there is nothing in the record to support defendant's claim that the victim was using the home "as a temporary storage facility" or "as a dumping space for items he no longer wanted." While it is true that he "was in the process of moving" when he found defendant in the home, it is equally true that his lease did not expire for approximately two weeks after the crime at issue was committed. In fact, this Court has addressed—and, more importantly, rejected—the argument that temporary vacancy prevents a home from being a "dwelling" for purposes of MCL 750.110a(1)(a). *People v Powell*, 278 Mich App 318, 321; 750 NW2d 607 (2008) ("The fact that the structure here was temporarily vacant because it had been damaged by fire did not preclude it from being a dwelling."). In short, it is apparent that the evidence presented at trial does not "preponderate[] so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Lacalamita*, 286 Mich App at 469. Therefore, reversal is not required.

Accordingly, because the trial court's finding that the home that defendant entered constituted a "dwelling" for purposes of MCL 750.110a(2) was sufficient and not against the great weight of the evidence, we affirm defendant's conviction and sentence. Nevertheless, defendant is entitled to a remand for the ministerial task of correcting at least one error in his presentence investigation report. On appeal, defendant identifies two alleged errors in the report. First, he points to a disparity with respect to his birthplace. At one point in the report, his birthplace is identified as Cincinnati, Ohio. At another point, however, his birthplace is identified as Columbus, Ohio. Defendant is entitled to a remand for the ministerial task of correcting this disparity, and the prosecution concedes the same on appeal. *People v Harmon*, 248 Mich App 522, 534; 640 NW2d 314 (2001) ("Affirmed, but remanded for the ministerial task of correcting the presentence investigation report."). Second, defendant points to an alleged disparity with respect to his employment history. He claims that his employment history is incomplete. While we could decline to grant relief with respect to this claim of error because it is not adequately supported with an offer of proof, *People v Lucey*, 287 Mich App 267, 277; 787 NW2d 133 (2010) ("Defendant has not supported his challenge; therefore, we conclude that the challenge was not effective and that the trial court did not abuse its discretion by declining to change the [presentence investigation report]."), it is our view, and the prosecution appears to agree, that the more appropriate approach is to allow this alleged disparity to be addressed and, if supported with an offer of proof, corrected on remand as well. In light of this conclusion, addressing defendant's claim of ineffective assistance is unnecessary. *People v McChester*, 310 Mich App 354, 360 n 2; 873 NW2d 646 (2015) ("In light of our ruling, it is unnecessary to reach defendant's associated claim of ineffective assistance of counsel.").

Affirmed but remanded for the ministerial task of correcting the presentence investigation report.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien