*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL SEAN MULHOLLAND,

        Defendant-Appellant.

UNPUBLISHED
April 14, 2026
12:23 PM

No. 374436
Lenawee Circuit Court
LC No. 2023-021438-FC

Before: CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right from his jury-trial conviction for first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b), arising from conduct involving his minor daughter, hereinafter complainant. Defendant, who was sentenced as a second habitual offender, MCL 769.10, received a term of imprisonment of 25 to 50 years for the CSC-I conviction. On appeal, defendant contends that (1) the evidence was insufficient to establish the element of penetration required to support a conviction under CSC-I, and (2) the prosecutor committed misconduct by eliciting improper opinion testimony from a witness as to defendant's guilt; alternatively, defendant asserts that trial counsel rendered ineffective assistance by failing to object to the alleged prosecutorial misconduct. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

On the evening of May 30, 2023, complainant, prior to retiring for the night, invited defendant to share her bed, to which he assented. During the night, defendant touched complainant's genitalia. Complainant testified that defendant's hand was inside her underwear, causing her significant discomfort. At approximately 1:00 a.m., defendant left to use the restroom, prompting complainant to seek out her mother in a separate bedroom. In a distressed state, complainant disclosed the incident to her mother, who inquired whether defendant had inserted his finger into her urethra; which complainant denied. After providing comfort to complainant, her mother located defendant, who was asleep upstairs, and confronted him regarding complainant's allegations. Defendant, apparently intoxicated, responded incoherently.

-1-

The following day, complainant's mother transported her to the police station, where Rachelle Ann VanAken, a family nurse practitioner and on-call Sexual Assault Nurse Examiner (SANE), conducted a comprehensive physical examination and completed a SANE report. VanAken identified two lacerations adjacent to complainant's vaginal introitus. That same day, law enforcement collected complainant's pajamas, underwear, and bedsheets, subsequently submitting them to the Michigan State Police (MSP) Crime Laboratory for forensic analysis.

The prosecution presented testimony from Tara Cramer, a forensic scientist with the MSP Crime Laboratory. Cramer's analysis indicated the possible presence of seminal fluid on complainant's underwear; however, no male DNA was detected on any of the submitted items. VanAken also testified in her capacity as an expert SANE examiner, acknowledging complainant's prior history of hygiene-related medical concerns. Notably, VanAken opined that the two genital lacerations she observed were inconsistent with injuries typically resulting from inadequate hygiene in pediatric patients.

Defendant testified at trial, recalling that complainant's mother confronted him with allegations of inappropriate contact with complainant's genitalia on the night in question. The defendant did not dispute complainant's account and admitted he had no legitimate reason to be in her bed. Following conviction and sentencing, defendant now appeals.

## II. ANALYSIS

Defendant contends that the evidence presented was insufficient to support his conviction for CSC-1. Defendant further asserts that the prosecution improperly elicited inadmissible testimony at trial, and, in the alternative, that his trial counsel provided ineffective assistance by failing to object to the prosecution's challenged conduct.

## A. SUFFICIENCY OF THE EVIDENCE

"This Court reviews de novo defendant's challenge to the sufficiency of the evidence." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "We view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Id*. "A prosecutor need not present direct evidence of a defendant's guilt. Rather, [c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (alteration in original; quotation marks and citation omitted). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). "A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses." *People v Kenny*, 332 Mich App 394, 403; 956 NW2d 562 (2020).

On appeal, defendant asserts that the evidence adduced at trial was insufficient to sustain his conviction for CSC-1. Defendant specifically argues that the prosecution failed to establish the element of penetration beyond a reasonable doubt, citing the absence of physical, medical, DNA, or other scientific evidence demonstrating sexual penetration of the complainant by defendant. In his brief defendant asserts the "the prosecution presented *no evidence* of the essential element of penetration."[1](emphasis added).

The requirement that guilt be proven beyond a reasonable doubt is a bedrock principle of criminal jurisprudence. A conviction unsupported by sufficient evidence to satisfy this standard constitutes a due process violation and cannot be upheld. See *People v Prude*, 513 Mich 377, 384; 15 NW3d 249 (2024); see also US Const, Ams V, VI, XIV; Const 1963, art 1, §§ 17, 20.

Pursuant to MCL 750.520b(2)(b), a defendant who is 17 years of age or older is guilty of CSC-1 if he or she engages in sexual penetration with a person under 13 years of age. See *People v Niemi*, 344 Mich App 25, 27; 998 NW2d 728 (2022). The statutory definition of sexual penetration is set forth in MCL 750.520a(r):

> "Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

This Court has held that the labia are included within the statutory definition of "genital openings." *People v Legg*, 197 Mich App 131, 133; 494 NW2d 797 (1992).

Here, defendant does not dispute the complainant's age or his own, but challenges only the sufficiency of the evidence regarding penetration. He contends that the prosecution failed to present physical or medical evidence to establish this element.

Complainant stated that the defendant "touched [her] private spot" with his hand. She specifically described contact with the external genitalia at the site of urination and clarified that defendant's hand was inside her underwear, resulting in physical discomfort. Complainant promptly disclosed this conduct to her mother, reporting that defendant had touched her "privates." Complainant's mother's initial skepticism regarding penetration was based on mother's erroneous assumption that only deep vaginal penetration satisfies the statutory element, omitting the legally recognized possibility of penetration of the labia or vulva. A subsequent forensic medical examination conducted by VanAken revealed two distinct lacerations adjacent to the vaginal introitus. VanAken opined that the injuries could not have resulted absent an object or body part

---

[1]Defendant's brief presents an apparent contradiction: he first contends there is "a complete lack of physical, medical, DNA or other scientific evidence of sexual penetration of [complainant] by [defendant]." Yet, in the sentence immediately following he concedes, "Although there was clinical evidence of bruising and two lacerations which could have been from digital penetration, they could also come from scratching a rash with long fingernails."

passing through the labial folds, thus concluding that the findings were "highly suspicious of sexual abuse," even accounting for complainant's hygiene and developmental history. Taken together, this testimonial and physical evidence provided an evidentiary basis from which a rational trier of fact could conclude that the element of penetration was proven beyond a reasonable doubt. *Legg*, 197 Mich App at 133.

Even if we were to characterize this evidence as being somewhat limited in scope, defendant has failed to carry the burden on appeal of demonstrating that the trial evidence was insufficient to establish the element of penetration or to sustain the conviction. Although physical evidence and medical expert testimony may serve to strengthen the prosecution's case, neither is required to meet the state's burden. The prosecution is not obligated to negate every conceivable theory of innocence; rather, its responsibility is to establish each element of the charged offense beyond a reasonable doubt, even in the face of conflicting or exculpatory evidence. See *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018). In the context of criminal sexual conduct prosecutions, Michigan law is clear that the complainant's testimony, standing alone, is sufficient to support a conviction and does not require independent corroboration. See *People v Solloway*, 316 Mich App 174, 181; 891 NW2d 255 (2016); MCL 750.520b(2)(b). The precedent is well established that a complainant's direct testimony regarding sexual acts may constitute adequate evidence to sustain a conviction for Criminal Sexual Conduct in the First Degree. *People v Bailey*, 310 Mich App 703, 714; 873 NW2d 855 (2015). With respect to credibility determinations, our Supreme Court has articulated:

> Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony. Where sufficient evidence exists, which may be believed by the jury, to sustain a verdict of guilty beyond a reasonable doubt, the decision of the jury should not be disturbed by an appellate court.

Accordingly, after conducting a comprehensive review of the record, and adhering to the well-established directive that appellate courts must view the evidence in the light most favorable to the prosecution, *Meissner*, 294 Mich App at 452, we find that, contrary to defendant's arguments on appeal, the evidentiary record establishes the essential element of penetration necessary for defendant's conviction to stand. Accordingly, defendant is not entitled to relief on this issue.

## B. PROSECUTORIAL ERROR AND INEFFECTIVE ASSISTANCE OF COUNSEL

"[T]o preserve a claim of prosecutorial misconduct for appellate review, a defendant must have timely and specifically objected below, unless objection could not have cured the error." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). Because defendant did not make a timely objection at trial, his claim of prosecutorial error is not preserved.

"In order to preserve the issue of effective assistance of counsel for appellate review, the defendant should make a motion in the trial court for a new trial or for an evidentiary hearing," *People v Sabin (On Second Remand)*, 242 Mich App 656, 658; 620 NW2d 19 (2000), or file "in this Court a motion for remand to the trial court," *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Because defendant did not move for a new trial or for an evidentiary hearing, the ineffective assistance of counsel claim is not preserved.

"Where issues of prosecutorial misconduct are preserved, we review them de novo to determine if the defendant was denied a fair and impartial trial." *People v Thomas*, 260 Mich App 450, 453; 678 NW2d 631 (2004). "Where a defendant fails to object to an alleged prosecutorial impropriety, the issue is reviewed for plain error." *People v Cooper*, 309 Mich App 74, 88; 867 NW2d 452 (2015), citing *People v Carines*, 460 Mich 750, 752-753, 764; 597 NW2d 130 (1999). For unpreserved claims of prosecutorial error, the plain error must be "outcome determinative." *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). In other words, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Cooper*, 309 Mich App at 88, quoting *Carines*, 460 Mich at 763.

"Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law, and a trial court's findings of fact are reviewed for clear error, while questions of constitutional law are reviewed de novo." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016) (citations omitted). As discussed in *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012):

> Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense. Const 1963, art 1, § 20; US Const, Am VI. In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different. [Citations omitted.]

An unpreserved ineffective assistance of counsel claim is reviewed for "errors apparent on the record." *People v Armisted*, 295 Mich App 32, 46; 811 NW2d 47 (2011).

Defendant first contends the prosecutor improperly asked VanAken whether she believed defendant sexually assaulted complainant constituting reversible error. "Generally, prosecutors are accorded great latitude regarding their arguments and conduct. They are free to argue the evidence and all reasonable inferences from the evidence as it relates to [their] theory of the case." *People v Bahoda*, 448 Mich 261, 282-283; 531 NW2d 659 (1995) (citations and quotation marks omitted). In cases involving an alleged sexual assault, prosecutors may rely on expert testimony from medical professionals. MRE 702(a). The extent to which an examining physician can testify has previously been addressed by our Supreme Court. In *People v Thorpe*, 504 Mich 230, 255; 934 NW2d 693 (2019), our Supreme Court explained:

> [A]n examining physician cannot give an opinion on whether a complainant had been sexually assaulted if the conclusion is nothing more than the doctor's opinion that the victim had told the truth. An examining physician's opinion is objectionable when it is solely based on what the victim . . . told the physician. Such testimony is not permissible because a jury is in just as good a position to evaluate the victim's testimony as the doctor. Nonetheless, an examining physician, if qualified by experience and training relative to treatment of sexual assault complainants, can opine with respect to whether a complainant had been

sexually assaulted when the opinion is based on physical findings and the complainant's medical history. [Brackets, footnotes, and quotation marks omitted.]

In the present matter, defendant contends that the prosecutor improperly elicited expert opinion testimony from VanAken regarding whether sexual abuse occurred. A careful review of the trial record, however, reveals that this assertion lacks substantive merit and reflects a misunderstanding of both the evidentiary context and the governing legal standards. The relevant portion of VanAken's direct examination proceeded as follows:

> *Q*. The—do you have an opinion based on that injury, whether it would be consistent with an object entering inside the labium majora, or not?
>
> *A*. Yes. So, for these two injuries, according to what we use for trying to figure out what's going on with children and, like, things what we find, so findings, we use an Adams Classification Table. These two are highly suspicious of sexual abuse and—because of the lacerations being on that vest—well, it's called a vestibule near the hymen, and with her history it—her history supports that it being sexual abuse.
>
> *Q*. And, would—do you have an opinion if it was sexual abuse, whether it would have been—let's assume there was touching with fingers—
>
> *A*. Mm hmm.
>
> *Q*. —with a hand. Do you have an opinion about whether that would have been outside the labium majora or inside the labium majora based on what you saw?
>
> *A*. Based on these injuries, where they're located on that vestibule, something had to have passed through the labia to create those.

Defendant maintains that VanAken's interjection of "[m]m hmm" during the prosecutor's questioning constituted an affirmative opinion that complainant was sexually assaulted. However, this interpretation is unpersuasive for several reasons and fails to reflect the nuanced exchange that occurred during trial.

First, the prosecutor did not pose a direct question soliciting VanAken's opinion on the ultimate legal issue of whether complainant was sexually assaulted. Rather, the inquiry was limited to whether VanAken had formed an opinion, consistent with permissible expert testimony under MRE 702 and as discussed in *Thorpe*, 504 Mich at 255. *Thorpe* prohibits, under certain circumstances, a medical expert from rendering an opinion on the ultimate legal conclusion of sexual assault. As our Supreme Court stated in *Thorpe*, "an examining physician, if qualified by experience and training relative to treatment of sexual assault complainants, can opine with respect to whether a complainant had been sexually assaulted when the opinion is based on physical findings and the complainant's medical history." *Id*. However, and germane to defendant's submissions on appeal, acknowledging that one holds an opinion, without expressly stating it, does

not run afoul of this limitation. Defendant's argument conflates the mere acknowledgment of expertise with an actual, impermissible expert conclusion, which the record does not support.

Second, the transcript does not support any inference that the prosecutor elicited, or that VanAken provided, an expert opinion on the occurrence of a sexual assault. Rather, the prosecutor's questioning evolved from a general inquiry about VanAken's opinion to a more specific focus on whether the injuries were consistent with digital penetration. VanAken's "[m]m hmm" interjection immediately followed this reframed line of questioning, suggesting it functioned as a conversational acknowledgment of the topic's direction rather than a substantive expert affirmation. This interpretation is further substantiated by her subsequent responses, which clarify the limits of her testimony and reinforce that her statements were grounded in forensic medical findings, not legal conclusions.

> *Q.* The—I want to hand you what have been marked as People's Exhibits—thank you. I want to hand you what have been marked as People's Exhibits 8 and 9—
>
> *A.* Mm hmm.
>
> *Q.* —and ask if you can tell me what these are?

As with the previous exchange, VanAken's "[m]m hmm" response should be properly construed as an acknowledgment of the prosecutor's question—demonstrating attentiveness and understanding—rather than as an expression of a professional or substantive opinion on the ultimate issue.

Finally, even assuming, arguendo, that VanAken's statements could be construed as opining on the ultimate issue of sexual assault, such expert testimony is not categorically inadmissible. As stated, *Thorpe*, 504 Mich at 255, recognizes that a qualified medical expert may offer opinions on whether sexual abuse occurred, provided these are based on physical findings and the patient's medical history. Here, VanAken's conclusions were firmly rooted in objective forensic evidence, specifically, the documented lacerations observed during the SANE examination—as well as in complainant's medical and psychosocial history, which she obtained prior to the physical evaluation. These factors satisfy the criteria for admissible expert opinion under both *Thorpe* and MRE 702.

As defendant points out, VanAken also testified that the identification of two lacerations in anatomically significant locations was highly suspicious for sexual abuse. When these physical findings are considered in conjunction with complainant's history, as obtained by VanAken, the conclusion that the injuries resulted from sexual abuse is supported within a reasonable degree of medical certainty. Such an opinion is well within the scope of qualified expert testimony.

In sum, VanAken's testimony with respect to whether complainant was sexually assaulted was both forensically and evidentially sound as her expert opinion was predicated on a comprehensive assessment of physical evidence and complainant's corroborating medical history. *Thorpe, Id.*; MRE 702. Consequently, defendant's assertion of prosecutorial error in the solicitation of this expert opinion is unsupported by the record and contrary to *Thorpe* and MRE 702.

Defendant alternatively argues his trial counsel was ineffective for failing to object to the prosecutor's question posed to VanAken as stated above. "The right to counsel guaranteed by the United States and Michigan Constitutions, US Const Am VI; Const 1963, art 1, § 20, is the right to the effective assistance of counsel." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016). "A defendant must meet two requirements to warrant a new trial because of the ineffective assistance of trial counsel." *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "First, the defendant must show that counsel's performance fell below an objective standard of reasonableness." *Id*. at 290; see also *Strickland v Washington*, 466 US 668, 687-688; 104 S Ct 2052; 80 L Ed 2d 674 (1984), and *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994). "In doing so, the defendant must overcome the strong presumption that counsel's assistance constituted sound trial strategy." *Armstrong*, 490 Mich at 290 (footnote and citation omitted). "Second, the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable." *Id*.; see also *Strickland*, 466 US at 694-696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Ackley*, 497 Mich 381, 389; 870 NW2d 858 (2015) (quotation marks and citation omitted). The second prong "does require a showing of prejudice[.]" People *v Randolph*, 502 Mich 1, 14; 917 NW2d 249 (2018).

Defendant contends his trial counsel was ineffective for failing to object to VanAken's testimony expressing her opinion about whether complainant was sexually assaulted. As discussed, defendant's cited portion of VanAken's testimony was not impermissible or objectionable. Because the prosecutor's elicitation of testimony did not comprise error, objections by defense counsel would have been futile. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Because trial counsel cannot be construed as having been ineffective for failing to make meritless objections, defendant has failed to overcome the presumption trial counsel was effective.

Even if we were to conclude that the prosecutor's questions to VanAken were objectionable error, defendant has failed to show any alleged error was outcome-determinative. Absent the testimony defendant contests was prejudicial, there was sufficient evidence to convict defendant of CSC-1. As described earlier, complainant testified defendant touched her genitals, and her mother corroborated complainant's testimony by recounting what complainant said to her the night of the incident. There is no indication the testimony at issue was a determinative piece of evidence in sustaining defendant's conviction. Further, "[c]ounsel's performance is strongly presumed to have been born from a sound trial strategy. This Court should not substitute our judgment for that of counsel or use the benefit of hindsight when assessing counsel's competence." *People v White*, 331 Mich App 144, 149; 951 NW2d 106 (2020) (citations and quotation marks omitted). Notably, "there are times when it is better not to object and draw attention to an improper comment." *People v Bahoda*, 448 Mich 261, 287 n 54; 531 NW2d 659 (1995). Consequently, defendant has failed to show how his trial counsel's failure to object to the prosecutor's question to VanAken amounts to ineffective assistance of counsel, and he is not entitled to relief on this issue.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
